Filed 6/5/2023 4:51 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Robyn Nielsen
Deputy

CAUSE NO. 23-0558

| | | |
|---|---|---|
| GREGORY RUSSELL and, STEPHANIE HENDERSON, *Plaintiffs*, | § § § § | IN THE DISTRICT COURT |
| v. | § § | HARRISON COUNTY, TEXAS |
| XING MENG DU and GOLDEN WHEEL LOGISTICS, INC., *Defendants*. | § § § § | 71ST JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME GREGORY RUSSELL and STEPHANIE HENDERSON (hereafter "Plaintiffs"), complaining of XING MENG DU and GOLDEN WHEEL LOGISTICS, INC. (hereafter "Defendants"), and files this Plaintiffs' Original Petition and Jury Demand, and in support thereof, would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiffs bring this action under Texas Rule of Civil Procedure 47(c)(3) and seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES

2.  Plaintiff GREGORY RUSSELL is an individual residing in Smith County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three digits of his driver's license number are 922 and the last three digits of his social security number are 106.

3. Plaintiff STEPHANIE HENDERSON is an individual residing in Smith County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three digits of her driver's license number are 522 and the last three digits of her social security number are 259.

4. Defendant XING MENG DU is an individual residing in Gwinnett County, Georgia and may be served with process by serving the **Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701**. <u>Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."</u>

5. Defendant GOLDEN WHEEL LOGISTICS, INC. is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent: Yuxing Zeng at 5125 Schaefer Avenue, #102, Chino, California 91710, or wherever Defendant may be found. <u>Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."</u>

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this Court.

7. This Court has jurisdiction over the parties, because said Defendant purposefully availed himself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiffs are required by Rule 47(c), Texas Rules of Civil

Procedure to state the amount of damages, in dollar amount, that represent Plaintiffs' harms and losses due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas. Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which harms, losses and damages to Plaintiffs are over $250,000 but not more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

9. Pursuant to Texas Civil Practices and Remedies Code § 15.002, *et seq.*, venue is proper in Harrison County, Texas because it is the county where all or a substantial part of the events or omissions giving rise to this lawsuit occurred.

### MISNOMER/ALTER EGO

10. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### FACTUAL BACKGROUND

11. On or about June 5, 2021, Plaintiff GREGORY RUSSELL was driving a silver 2015 Chevrolet Camaro vehicle. Plaintiff STEPHANIE HENDERSON was riding as a passenger in Plaintiff GREGORY RUSSELL's vehicle at the time. Plaintiffs were traveling westbound in the outside lane of IH-20 in Harrison County, Texas. Defendant XING MENG DU, while in the course and scope of his employment with Defendant GOLDEN WHEEL LOGISTICS, INC.,

was operating a 2017 Volvo commercial vehicle towing a trailer and traveling westbound on IH-20 in the outside lane when he made an unsafe lane change into Plaintiffs' vehicle colliding with the front passenger's side of Plaintiffs' vehicle. Defendant XING MENG DU's negligence in his failure to keep a proper lookout, failure to control speed, and failure to drive within a single lane of traffic was the proximate cause of the collision and damages suffered by Plaintiffs.

## RESPONDEAT SUPERIOR

12. The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendant GOLDEN WHEEL LOGISTICS, INC. were acting in the course and scope of their respective employment and were within Defendant's general authority, in furtherance of Defendant's business, and for the accomplishment of the object for which Defendant's employees, agents, and/or representatives were hired. Defendant is therefore liable under the theory of *Respondeat Superior*. Therefore, Defendant is liable to Plaintiff for the damages proximately caused by the acts and omissions of their employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives, specifically Defendant XING MENG DU.

## NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION

13. Defendant GOLDEN WHEEL LOGISTICS, INC. had a legal duty to exercise the high degree of care to hire, supervise, train and/or retain competent employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives. Defendant breached the duty when Defendant negligently hired, supervised, trained, and/or retained Defendant XING MENG DU that caused the collision with Plaintiffs' vehicle. Defendant's breach of duty to hire, supervise, train, and/or retain competent employees proximately caused injury to Plaintiffs which resulted in damages Plaintiffs are now complaining of.

## PLAINTIFFS' CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT XING MENG DU

14. Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. Defendant's negligent, careless and reckless disregard of said duty proximately caused Plaintiff's injuries.

16. The negligent, careless and reckless acts of Defendant consisted of, but is not limited to, the following acts and omissions:

    a) In that Defendant failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    b) In that Defendant operated the motor vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances;

    c) In that Defendant failed to drive within a single lane of traffic proximately causing the collision in question;

    d) In that Defendant made an unsafe lane change when it was clearly unsafe to do so proximately causing the collision in question;

    e) In that Defendant failed to apply the brakes to the motor vehicle in a timely and prudent matter proximately causing the collision in question;

    f) In that Defendant failed to maintain proper control of his vehicle;

    g) In that Defendant failed to take proper and safe evasion action so as to avoid the collision in question; and,

    h) In that Defendant failed to bring the motor vehicle to a complete safe stop to avoid the collision in question.

17. The above acts and/or omissions were singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries and/or damages to Plaintiffs.

## DAMAGES – GREGORY RUSSELL

18. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer serious bodily injury and damages, and to incur the following damages:

   a. Medical care expenses sustained in the past;

   b. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   c. Physical pain and mental anguish sustained in the past;

   d. Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in reasonable probability, will be suffered in the future;

   g. Scarring and Disfigurement;

   h. Loss of earnings in the past;

   i. Loss of earnings that, in reasonable probability, Plaintiff will sustain in the future;

   j. Loss of earning capacity in the past; and

   k. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

19. Alternatively, if the evidence demonstrates that prior to the occurrence in question that Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating, and the occurrence has aggravated and accelerated those conditions and/or made Plaintiff more vulnerable and re-disposed to subsequent injury and to the effects of subsequent stressors and injuries.

20. For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## DAMAGES – STEPHANIE HENDERSON

21. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer serious bodily injury and damages, and to incur the following damages:

   a. Medical care expenses sustained in the past;

   b. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   c. Physical pain and mental anguish sustained in the past;

   d. Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in reasonable probability, will be suffered in the future;

   g. Scarring and Disfigurement;

   h. Loss of earnings in the past;

   i. Loss of earnings that, in reasonable probability, Plaintiff will sustain in the future;

   j. Loss of earning capacity in the past; and

   k. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

22. Alternatively, if the evidence demonstrates that prior to the occurrence in question that Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating, and the occurrence has aggravated and accelerated those conditions and/or made Plaintiff more vulnerable and re-disposed to subsequent injury and to the effects of subsequent stressors and injuries.

23. As a further direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer the following damages:

      a.    Property damage and/or total loss to her silver 2015 Chevrolet Camaro vehicle;

      b.    Depreciation of value to her silver 2015 Chevrolet Camaro vehicle; and

      c.    Loss of use of her silver 2015 Chevrolet Camaro vehicle, including but not limited to, towing and rental expenses, and storage fees.

24.    For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

25.    We do not believe Plaintiff GREGORY RUSSELL was negligent, but to the extent that a jury of our peers disagrees, we reserve the right to seek affirmative relief against Plaintiff GREGORY RUSSELL.

## REQUIRED DISCLOSURES

26.    Pursuant to Texas Rules of Civil Procedure 190 and 194, Defendants may be required to make initial disclosures, due within 30 days after the first answer is filed, unless otherwise agreed or changed by court order.

## INTENT TO USE DEFENDANT'S DOCUMENTS

27.    In accordance with the Texas Rule of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

28.    Plaintiffs hereby notify the Defendants of their intent to use U.S. Life Tables as published by the U.S. Government in the trial of this matter.

## JURY DEMAND

29.    Plaintiffs hereby demand a trial by jury on all issues herein and tenders the appropriate jury fee with this original petition.

30. Plaintiffs have met all conditions precedent to the filing of this lawsuit.

## DESIGNATED ESERVICE EMAIL ADDRESS

31. The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): **eservice@kastllaw.com**. This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final trial and hearing of this cause, Plaintiffs have judgment against Defendants, jointly and severally, for damages for monetary relief over $250,000 but not more than $1,000,000, which is within the jurisdictional limits of the Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and such other and further relief to which Plaintiffs may be justly entitled at law or in equity.

Respectfully submitted,

KASTL LAW, P.C.

*/s/ Kristina N. Kastl*
**Kristina N. Kastl**
State Bar No. 24025467
Email: eservice@kastllaw.com
Email: kkastl@kastllaw.com
**Susan Anne Allen**
State Bar No. 01059350
Email: sallen@kastllaw.com
**Elissa Wev**
State Bar No. 24084591

Email: ewev@kastllaw.com
**Rachel Varughese Morales**
State Bar No. 24028186
Email: rvarughese@kastllaw.com

4144 North Central Expressway, Suite 1000
Dallas, Texas 75204
Phone: (214) 821-0230
Fax: (214) 821-0231

## ATTORNEYS FOR PLAINTIFFS

\*Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.

Service is only effectuated if it is served through our eservice@kastllaw.com email. Any other Kastl Law, P.C. email is considered ineffective service.